**Jose GUEVARA–MANCIA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75982.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Jose Guevara–Mancia, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Jose Guevara–Mancia, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

Guevara–Mancia testified that his parents received a threatening message from a criminal gang demanding money, and his brother-in-law was kidnapped by the same gang, but petitioner presented no evidence that these criminal acts occurred, even in part, on account of a protected ground. *See id.* at 1177 (upholding agency determination where petitioner presented no evidence that the perpetrators victimized him on account of a protected ground, rather than because he carried a cell phone and a watch.) Furthermore, no other evidence compels the conclusion that the petitioner will be victimized by criminals in El Salvador in the future on account of a protected ground, rather than because of his perceived wealth. *See id.* Accordingly, substantial evidence supports the BIA's denial of asylum and withholding of removal.

Petitioner's contention that the El Salvadoran government's failure to control criminal activity can be a form of political persecution is unavailing because it is undisputed that the police placed Guevara–Mancia's family under protective surveillance and investigated the kidnapping of

Guevara–Mancia's relative. *Cf. Baballah v. Ashcroft,* 367 F.3d 1067, 1078 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

